UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL HOWARD NALLS                 CIVIL ACTION

VERSUS

NO. 13-103-JJB

ANNETTE LASALLE, ET AL.

.

## RULING GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a motion to dismiss by Defendant Judge Annette LaSalle ("Judge LaSalle") (Doc. 12). Plaintiff Michael Howard Nalls ("Nalls") has filed an opposition. (Doc. 14). This court has jurisdiction based upon 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons herein, the Court GRANTS the motion to dismiss. (Doc. 12).[1]

I.

The following facts are from the Complaint (Doc. 6) and are accepted as true for the purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In 2006, Nalls "was subjected to the jurisdiction of the East Baton Rouge Parish Juvenile Court for child support payments." (Doc. 6, ¶ 6). Although the complaint is not entirely clear, the Court presumes based on the arguments of the parties that Nalls was ordered to appear in Juvenile Court for his alleged failure to pay child support. On July 18, 2012, Judge LaSalle, who presides over the East Baton Rouge Family Court (hereinafter "Family Court"), held Nalls in contempt for his alleged failure to appear in Juvenile Court on March 13, 2007, September 16, 2008, August 23, 2010, October 20, 2011, January 26, 2012 and May 17, 2012. Nalls alleges that Judge LaSalle lacked jurisdiction to hold him in contempt for the March 13, 2007, September 16, 2008, and August

---

[1] This motion only seeks dismissal against Judge LaSalle and does not address the claims asserted against defendant Ashley Breaux.

1

23, 2010 matters because prior to January 1, 2011, nonsupport matters were vested within the Juvenile Court.

Nalls alleges that Judge LaSalle acted outside of her powers as judge when holding him in contempt for matters arising before January 1, 2011. He further alleges that Judge LaSalle deprived him of his right to due process. Judge LaSalle has filed this motion to dismiss, arguing prescription and judicial immunity. Because the Court finds that Judge LaSalle is entitled to judicial immunity, the Court will not reach the issue of whether the matter is prescribed.

II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here, because the Court finds that Judge LaSalle is entitled to judicial immunity, the complaint as to Judge LaSalle must be dismissed.

Pursuant to La. R.S. § 13:1401, the Family Court has exclusive jurisdiction over

> All actions for . . . spousal and child support and nonsupport . . . , as well as of all matters incidental to any of the foregoing proceedings, including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees . . .

La. R.S. § 13:1401(A)(1). Acts 2010, No. 754, § 2 amended this provision to include "and nonsupport," which became effective January 1, 2011. Prior to the amendment, nonsupport

2

matters were adjudicated by the Juvenile Court. Nalls argues that because the pre-January 2011 nonsupport matters were pending in the Juvenile Court, Judge LaSalle lacked jurisdiction and thus, acted beyond the scope of her powers when she held him in contempt for his alleged failure to appear. This logic, however, would render the Family Court unable to rule upon any issue transferred to it from the Juvenile Court by the amended jurisdiction.

In Louisiana, immunity is recognized when public entities or officers act within the course and scope of their lawful powers and duties. La. R.S. § 9:2798.1. "Under Louisiana law, a judge is protected from liability by the doctrine of judicial immunity which holds that a judge may not be cast in damages for his errors unless he acted outside his judicial capacity." *Moore v. Taylor*, 541 So.2d 378, 381 (La.App. 2d Cir. 1989). However, if a judge has acted "outside his jurisdiction and contrary to law, he will remain protected unless his actions were based on malice or corruption." *Id.* Malice, however, will not turn a judicial act into a non-judicial act. *Bradley v. Fisher*, 80 U.S. 335 (1871). Therefore, in order for Nalls to state a claim against Judge LaSalle, Nalls must allege that LaSalle was (1) acting beyond her jurisdiction and (2) acting with malice or corruption.

"The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine." *Moore v. Taylor,* 541 So.2d at 381. The Fifth Circuit of the United States Court of Appeals recognizes absolute judicial immunity for judicial acts that are not performed in the clear absence of all jurisdiction. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985). In determining whether an act is judicial, the Fifth Circuit considers the following four factors:

> 1) Whether the precise act complained of is a normal judicial function; 2) Whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; 3) Whether the controversy centered around a case pending before the court; 4) Whether the acts arose directly out of a visit to the judge in his official capacity.

3

(citation omitted). The Fifth Circuit instructs that these test factors should be broadly construed in favor of immunity and that in certain circumstances that some of the factors can be ignored. *Id*. Under the four factor test, the Court finds that Judge LaSalle's act was judicial because (1) citing someone for contempt is normal judicial function; (2) the acts occurred within the courtroom; (3) the court has jurisdiction; and (4) act arose directly out of visit to this courtroom.

The Supreme Court has recognized two separate instances in which judicial immunity can be overcome: a judge is not immune from nonjudicial actions and a judge is not immune for actions taken in complete absence of all jurisdiction. *Mirales v. Waco*, 112 S.Ct. 286, 288 (1991). The Court has already found that Judge LaSalle's actions were judicial in nature, and the Court further finds that her actions were not taken in the complete absence of all jurisdiction. Jurisdiction is the power and legal ability for a court to hear a case. The Louisiana Legislature sets the jurisdiction of its courts. In the federal court system, a legislative change in jurisdiction does not bar a court from seeing an action, which it could not previously see. *U.S. v. Adamic*. 54 F. Supp 221 (W.D. NY 1943). As in our federal court system, a change in jurisdiction does not prevent the family court from hearing matters, of which it recently obtained jurisdiction, from the Juvenile court.

A retroactive application of this jurisdictional change is a procedural change in this circumstance. The Supreme Court has recognized that procedural changes may often be applied without raising concerns about retroactivity. *Landgraf v. USI Film Products*, 511 U.S. 244, 275 (1994). Although Nalls alleges that Judge LaSalle violated his due process, there is little, if any, evidence that Judge LaSalle denied Nalls of any of his due process rights because of this change in jurisdiction. The change in jurisdiction did not affect Nalls's ability to have a fair legal proceeding, as well as notice and an opportunity to be heard. Furthermore, there is nothing to

4

suggest that the Judge LaSalle acted with malice even if she had acted outside of her judicial capacity.

III.

Accordingly, the Court GRANTS the Defendant's Motion to Dismiss as to Judge LaSalle. (Doc. 12).

Signed in Baton Rouge, Louisiana on June 6, 2013

‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌‌
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**