UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL HOWARD NALLS

CIVIL ACTION

VERSUS

NO. 13-103-JJB

ANNETTE LASALLE, ET AL.

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a motion to dismiss by Defendant Ashley Breaux ("Breaux") (Doc. 18). Plaintiff Michael Howard Nalls ("Nalls") has filed an opposition (Doc. 26), to which Breaux has filed a reply. (Doc. 31). Oral argument is not necessary. For the reasons herein, the Court GRANTS the motion to dismiss. (Doc. 18).

I.

The following facts are from the Complaint (Doc. 6) and are accepted as true for the purposes of this motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In 2006, Nalls "was subjected to the jurisdiction of the East Baton Rouge Parish Juvenile Court for child support payments." (Doc. 6, ¶ 6). Breaux, a Louisiana Department of Social Services employee, was the case worker assigned to Nalls. On February 16, 2012, Nalls went to Breaux's office to inquire about "getting a hold lifted on his driver's license." (Doc. 6, ¶ 19). Breaux allegedly "attempted to show plaintiff a sheet of paper," which was face-down on her desk and asked him to sign it. (*Id.*, ¶ 21). Nalls refused to sign the paper without having an attorney present.

The face-down paper, which Nalls did not view, was a notice for him to appear in court on May 17, 2012. On July 18, 2012, Nalls was arrested for failing to appear in court on May 17, 2012, and on July 26, 2012, he attended a Rule to Show Cause hearing. During the hearing, Breaux "committed perjury by alleging in an effort to justify her position as to the reason she

1

attempted to get [Nalls] to sign the 'face down' paper . . . was that [Nalls] had an outstanding warrant which she knew to be false." (*Id.*, ¶ 24). Nalls also asserts that the "alleged summons" that he did not read was "falsely executed" and Breaux "falsely stated" that he refused service. (*Id.*, ¶ ¶ 27-28). After the hearing, Nalls was held in contempt and was "remanded back to jail where he spent 45 days." (*Id.*, ¶ 23). Nalls filed suit against Breaux in her individual capacity on March 8, 2013, alleging a myriad of both federal and state law claims: violation of right of due process, violation of right against cruel and unusual punishment, violation of right against illegal seizure, violation of civil rights, conspiracy to violate civil rights, false arrest and imprisonment, and fraud.

Breaux has filed this motion to dismiss, arguing that (1) any actions taken before March 7, 2012 are prescribed; (2) Nalls has failed to state any cognizable federal and/or state claim; and (3) Breaux is entitled to qualified immunity. (Doc. 18).

II.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing the complaint, the court must accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). In order to survive a motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Prescription*

Citizens may sue a state, state agencies, and state employees for violations of civil rights under 42 U.S.C. § 1983. Because Section 1983 has no statute of limitations, courts must look to the forum state's application limitations for the claim. *Wallace v. Kato*, 549 U.S. 384, 387

(2007). Here, the applicable statute of limitations is one year. La. Civil Code Art. 3492. A Section 1983 claim accrues when the plaintiff knows or should have known of his injuries. *Walker v. Epps,* 550 F.3d 407, 414 (5th Cir. 2008).

Breaux argues that while it is unclear what constitutional right was violated by her failure to show Nalls a piece of paper on February 16, 2012, it is nevertheless prescribed because Nalls filed suit on March 8, 2013. Nalls asserts that Breaux is liable for committing a continuing tort and that she "set out on a course to intentionally humiliate and cause injury" to Nalls (Doc. 26 at 9). Under Louisiana law, a continuing tort "is occasioned by continual unlawful acts and for there to be a continuing tort there must be a continuing duty owed to the plaintiff and a continuing breach of that duty by the defendant." *Crump v. Sabine River Authority*, 98-2326 (La. 6/29/99), 737 So. 2d 720, 728. Breaux asserts that Nalls has failed to allege what the continuing duty Breaux owed to him, and thus, there is no continuing tort. The Court agrees and finds that Breaux's failure to show him a piece of paper on February 16, 2012, even if it did constitute a constitutional violation, is prescribed.

*Perjury*

Breaux correctly argues that while Nalls alleges that Breaux perjured herself during the July 26, 2012 hearing, he is unable to maintain this claim against Breaux. It is well-settled that a plaintiff cannot bring a "civil action for damages for perjury." *Dean v. City of New Orleans*, 2012 WL 2564954, *11 (E.D. La. 2012). Thus, any claims or damages arising from Breaux's alleged perjury are not cognizable.

*Due Process Violation*

Breaux argues that while Nalls alleges that Breaux violated his right to due process, he has failed to allege what life, liberty, or property interest protected by the Fourteenth

3

Amendment was deprived and by what state action the deprivation occurred.  Nalls does not state how the arrest for contempt was unconstitutional because of a due process violation, nor does he state how Breaux's actions deprived him of a life, liberty, or property interest.  Since this is a due process claim, Breaux would not have been the state actor had there been a violation.  Judges, not social workers, ensure due process rights are enforced.  Plus, Breaux was involved in only one of the six alleged offenses for which Nalls was held in contempt.  Had the events of the claim had not occurred, Nalls still would have likely been sentenced to the same or similar penalty.  In order to recover for an unconstitutional imprisonment, a plaintiff must prove that the conviction had been reversed on direct appeal, expunged by an executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Nalls has not alleged any of these things.  Therefore, based on all the aforementioned facts, Nalls has failed to state a due process claim.

*Cruel and unusual punishment*

Breaux argues that Nalls has failed to assert facts sufficient to state a claim under the Eighth Amendment which prohibits cruel and unusual punishment.  There is no indication that Nalls's punishment was cruel or unusual, nor is there any indication that Breaux caused this claim.  Judge LaSalle, not Breaux, issued the punishment for the counts of contempt.  Therefore, had there been a claim for cruel and unusual punishment, it could not have been brought against Breaux.

*Illegal Seizure*

Breaux argues that Nalls fails to assert sufficient facts in which one could conclude that Nalls's Fourth Amendment rights were violated.  Nalls had no personal property seized during these proceedings.  He was arrested pursuant to a valid arrest warrant.  He was not arrested by

Breaux nor did Breaux issue the arrest warrant. Because there is no indication that Breaux was involved in any way with the arrest warrant or actual arrest, Nalls has indeed failed to assert a claim in which one could conclude that Nalls's Fourth Amendment rights were violated.

*Conspiracy*

Breaux argues that Nalls fails to satisfy the four elements required to state a claim of conspiracy. To state a claim of conspiracy, "the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly, or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or his property or deprived of any rights or privilege of a citizen of the United States." *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-829 (1983).

There is no conspiracy between two or more people. There is no claim that Judge LaSalle and Breaux acted together to deprive Nalls of his rights. Since the conspiracy element is not satisfied, the act to further a conspiracy element is also not satisfied. Since Nalls does not satisfy two of the required elements, there is not a claim for conspiracy.

*State Claims*

Since no further federal claims remain, this Court declines to exercise supplemental jurisdiction on any of the remaining state claims. Since no claims remain, it becomes a moot point to discuss whether Breaux is entitled to qualified immunity.

III.

Accordingly, the Court GRANTS the Defendant's Motion to Dismiss as to Ashley Breaux. (Doc. 18).

Signed in Baton Rouge, Louisiana on August 1, 2013

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**