UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL HOWARD NALLS

VERSUS

ANNETTE LASALLE, ET AL.

CIVIL ACTION

NO. 13-103-JJB-RLB

### RULING ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION

This matter is before the court on Plaintiff Michael Howard Nalls' ("Nalls") Motion (doc. 40) for Reconsideration of Ruling Denying Motion to Amend and Supplement, and Plaintiff's Motion (doc. 41) for Reconsideration of Ruling Dismissing Ashley Breaux. Defendant Ashley Breaux ("Breaux") filed an Opposition (doc. 44) to Plaintiff's Motions for Reconsideration, and subsequently, Defendant Annette Lassalle ("Lassalle") filed an Opposition (doc. 46) to Plaintiff's Motion for Reconsideration of Ruling Denying Motion to Amend. There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1331. For the reasons stated herein, the Court **DENIES** both motions.

Both motions for reconsideration were filed within 28 days of the relevant ruling, so the motions are evaluated pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation and quotations omitted). However, a Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the

1

entry of judgment." *Id.* at 479. Instead, a motion for reconsideration is for the purpose of correcting "manifest errors of law or fact or to present newly discovered evidence." *Id.* (citations and quotations omitted).

1. **Motion for Reconsideration of Ruling Denying Motion to Amend and Supplement (Doc. 40)**

On July 22, 2013, this Court denied Plaintiff's Motion to Amend. (Doc. 35). This Court found that the amendment would not cure any deficiencies because the allegations were vague, conclusory, and frivolous. Additionally, Plaintiff had failed to raise any allegations to support a finding that Defendant Lasalle is not entitled to judicial immunity. Finally, this Court reaffirmed its previous finding that there were no factual allegations to support the conclusory claim that Defendant Lasalle acted with malice. Accordingly, this Court denied the Plaintiff's Motion to Amend.

In his Motion for Reconsideration, Plaintiff merely rehashes the same arguments for leave to amend that have already been put in front of and rejected by this Court. Plaintiff claims "[j]ustice requires that [Plaintiff] set forth all the facts supporting his claim." (Doc. 40, p.1). However, Plaintiff has presented no new facts or law that cure the problems the court found in denying his prior Motion to Amend. Accordingly, Plaintiff is merely rehashing old arguments that have been rejected by this Court, and thus, he has not satisfied the requirements for reconsideration under Rule 59(e).

2. **Motion for Reconsideration of Ruling Dismissing Ashley Breaux (Doc. 41)**

On August 1, 2013, this Court granted Defendant Breaux's Motion to Dismiss. (Doc. 38). Among other things, this Court found that Plaintiff's Section 1983 claim had

prescribed, as the act occurred on February 16, 2012, but suit was not filed until March 8, 2013. Additionally, the alleged wrongdoing did not rise to the level of a continuing tort, and therefore, suit was not timely filed. In his Motion for Reconsideration, Plaintiff prays for this Court to reconsider its ruling dismissing Defendant Breaux due to the fact that the Section 1983 has not prescribed.

Again, Plaintiff does not raise any new or unique arguments in his Motion for Reconsideration. Instead, Plaintiff merely presents the same arguments that were previously presented to the court in his Opposition to Defendant Breaux's Motion to Dismiss, and thereafter rejected. Again, Plaintiff's argument regarding Defendant Breaux engaging in a continuing tort is unpersuasive.

While Plaintiff avers that the complaint was filed on February 19, 2013, the first action in the docket was on February 21, 2013, when Plaintiff submitted a summons. The next action in the docket was February 26, 2013 when Plaintiff filed a "Motion to File Suit," in which he averred that the complaint was actually filed on Tuesday, February 19, 2013 and generated "suit No. 13CV-103." (Doc. 2, p. 1). However, in the record for Suit No. 13-CV-103, there is no evidence that Plaintiff filed his complaint on February 19, and Plaintiff has not presented any evidence or facts as to why the docket for Suit No. 13-CV-103 is incorrect. While Plaintiff may have opened the case and attempted to file his complaint on February 19, it is evident that the attempt was unsuccessful. Furthermore, Plaintiff has failed to brief the issue or provide any legal authority that the date of a failed attempt at filing a complaint should be utilized to determine whether prescription has

expired. Finally, assuming *arguendo* that prescription had not run on defendant's Section 1983 claim, this Court finds that Plaintiff's claims are baseless.

## Conclusion

Therefore, Plaintiff's Motion (doc. 40) for Reconsideration of Ruling Denying Motion to Amend and Supplement, and Plaintiff's Motion (doc. 41) for Reconsideration of Ruling Dismissing Ashley Breaux are **DENIED**.

Signed in Baton Rouge, Louisiana, on September 5, 2013.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**